# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CASE NO.  5:20-CV-083-DCK

| | | |
|---|---|---|
| SHARON COFFEY BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney Fees Pursuant To The Equal Access To Justice Act" (Document No. 23) filed June 27, 2022.  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motion is ripe for disposition.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion, with modification.

By the instant motion, Plaintiff seeks an award of fees of $10,231.56 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) ("EAJA").  (Document Nos. 23, 23-2).

EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position.  28 U.S.C. § 2412(d)(1)(A).  To establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified;  (iii) that no special circumstances make an award unjust;  and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement.  <u>See</u> <u>Crawford v. Sullivan</u>, 935 F.2d 655, 656 (4th Cir. 1991).

"Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable."  <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 253 (4th Cir. 2002).

> EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Thus, **a fee should be based on a reasonable number of hours at a reasonable hourly rate.** <u>See</u> <u>Hyatt</u>, 315 F.3d at 248. The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. <u>Hyatt</u>, 315 F.3d at 253; <u>Harlan v. Colvin</u>, No. 3:12-cv-443-GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. <u>Miles v. Colvin</u>, 2014 WL 1309293, at *1 (E.D.N.C. July 24, 2014); <u>Dixon v. Astrue</u>, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); <u>Bunn v. Bowen</u>, 637 F. Supp. 464, 469 (E.D.N.C. 1986).

<u>Norton v. Kijakazi</u>, No. 1:20-CV-285-MOC-WCM, 2022 WL 1019239, at *1 (W.D.N.C. Apr. 5, 2022) (emphasis added).

"Defendant's Opposition To Plaintiff's Motion For Attorney's Fees Under The Equal Access To Justice Act" (Document No. 25) does not dispute that Plaintiff is entitled to an award of fees under EAJA, or oppose an award of $400 in costs; however, Defendant opposes the *amount* of the requested fee award. (Document No. 25). Defendant contends that "Plaintiff has not met the burden of showing that 48.50 hours of attorney time is reasonable in this litigation." (Document No. 25, p. 2). Defendant effectively argues that there are duplicative time entries, excessive billing for certain tasks such as eleven (11) hours for drafting an "outline of relevant facts," and that there is time billed for clerical tasks that are not compensable. (Document No. 25, pp. 3-8). <u>See also</u> (Document No. 23-5).

Based on the foregoing and additional arguments, Defendant requests that the Court allow a reduced fee of $6,919.48 for 32.8 hours work. (Document No. 25, pp. 8-9). As noted above, Defendant does not oppose Plaintiff's request for reimbursement of her $400 Court-filing fee. <u>Id.</u>; <u>see also</u> (Document No. 1).

"Plaintiff's Reply…" (Document No. 26) suggests that the lengthy transcript in this case – 2,206 pages – involving a complicated medical history, supports a finding that the hours expended were reasonable. (Document No. 26, p. 2). However, Plaintiff also concedes that clerical tasks and 4.5 hours of work related to preparing a brief seeking to exceed the Court's page limit, should not be compensated. (Document No. 26, pp. 3-4). Plaintiff contends this is not a typical case because it "involved a lengthy record and extensive briefing." (Document No. 26, p. 5). Plaintiff now concludes that a total fee of $9,725.26 is appropriate. (Document No. 26, p. 6).

The undersigned respectfully disagrees with Plaintiff's position that this case required the work of three (3) seasoned counsel for approximately 44 hours.[1] Instead, the Court finds that Defendant's proposed reduction of the reasonable expenditure of attorney time in this case to 32.8 hours is more than reasonable. Such time, and the associated EAJA fees, is still more than the undersigned typically allows in these cases. See Heaggans v. Commissioner, 5:20-098-DCK (W.D.N.C. Aug. 22, 2022) ($5,250 allowed for 27.5 hours of attorney work); Carpenter v. Kijakazi, 5:21-CV-137-DCK (W.D.N.C. June 1, 2022) ($5,200 allowed for 23.55 hours of attorney work and 2.8 hours of paralegal work); Wilson v. Kijakazi, 1:21-CV-192-DCK ($8,000 allowed for 60.6 hours of attorney work); Mitchell v. Saul, 3:17-CV-003-RJC-DCK (W.D.N.C. Apr. 22, 2020) ($5,100 allowed for 28.2 hours of attorney work); Guinn v. Berryhill, 1:14-CV-182-RJC-DCK (W.D.N.C. Sept. 6, 2018) ($5,300 allowed for 21 hours of attorney work and 28.25 hours of paralegal work).

---

[1] Notably, Pamela Henry-Mays is counsel of record for Plaintiff but the parties seem to agree that most, if not all, of the one (1) hour she spent working on the case was limited to the "clerical task" of filing briefs. See (Document No. 23-5, Document No. 26, p. 3). Daniel S. Jones spent forty-four (44) hours on the case, and Charles Binder spent three and a half (3.5) hours on the case. (Document No. 23.5). Plaintiff did not seek *pro hac vice* admission for Mr. Jones or Mr. Binder.

Having reviewed the motion, supporting exhibits, and the record, the Court in its discretion determines that Plaintiff should be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of **$6,919.48**.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's "Motion For Attorney Fees Pursuant To The Equal Access To Justice Act" (Document No. 23) is **GRANTED with modification**. The Court will award attorney fees in the amount of **$6,919.48**. Pursuant to <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to the Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS FURTHER ORDERED** that **$400.00** in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury

**SO ORDERED**.

Signed: August 23, 2022

David C. Keesler
United States Magistrate Judge

4