IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:20-CV-083-DCK

| | |
|---|---|
| SHARON COFFEY BRUCE, ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Motion" (Document No. 28) filed March 27, 2024. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion with modification.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b) and Plaintiff's contingency fee agreement with the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Binder Law Firm"). (Document Nos. 28, 28-2). 42 U.S.C. § 406(b) provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." Relevant caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff was previously awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,919.48. (Document No. 27). Plaintiff sought

EAJA fees in the amount of $10,231.56. (Document Nos. 23, 23-2). In response, Defendant argued that the 48.50 hours of attorney time was not reasonable in this case and requested reducing the fee based on 32.8 hours of work. (Document No. 25, pp. 8-9). The undersigned agreed and reduced the EAJA fee to $6,919.48. (Document No. 27).

Following this Court's "Order" (Document No. 21) directing remand of this case to the Commissioner for further consideration, Administrative Law Judge Mary Ryerse issued a decision that was "fully favorable" to Plaintiff on April 26, 2023. See (Document No. 28-5, pp. 14-25). However, ALJ Ryerse attached an Order to that decision stating that she did not approve the fee agreement between Plaintiff and counsel – apparently just related to remand. (Document No. 28-5, pp. 26-27). Neither side has addressed this issue, but it appears that the rejected fee agreement involved another attorney affiliated with the Binder Law Firm – Nicole J. Franco. (Document No. 28-5, p. 20).

On March 27, 2024, Plaintiff filed the pending "Notice Of Motion" (Document No. 28) seeking an Order directing the Commissioner of Social Security to pay counsel the sum of "$23,754.75, which represents 25% of the past-due benefits awarded to the claimant" for attorney fees. (Document Nos. 28-2, p. 3). Plaintiff asserts that "a reviewing court's primary focus should be on the reasonableness of the contingency agreement in the context of the individual claimant's particular case." (Document No. 28-2, p. 2) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002)).

Plaintiff notes that

> While *Gisbrecht* made clear that reliance on the lodestar methodology and reference to particular hourly rate should not be the starting or primary point of analysis in determining if the requested fees are reasonable, the court "may" consider the de facto hourly rate as one factor in making a determination if an award of fees would be a windfall to counsel. *Gisbrecht* at 807. Here, the *de facto* hourly rate for the fee requested in this case would be approximately $489.79 per hour (arrived at by dividing the

2

> requested fee of $23,754.75 by the 48.50 hours expended on the case
> by counsel during the proceedings before this Court). Decisions
> from this District have held that even much higher *de facto* hourly
> rates do not represent a windfall to counsel.

(Document No. 28-2, p. 3) (citations omitted).

Despite the Court's ruling on EAJA fees, Plaintiff appears to still assert that 48.50 hours expended on this case was reasonable. (Document No. 28-2, pp. 3-4). Moreover, Plaintiff now contends that "[c]ounsel spent a total of 48.50 hours in the course of the appeal before the District Court *and the Fourth Circuit*." (Document No. 28-2, p. 4) (citing Document No. 28-5, p. 5) (emphasis added). Neither the docket, nor Plaintiff's cited exhibit, indicate that any time has been spent before the Fourth Circuit.

In response, Defendant "neither supports nor opposes Plaintiff's counsel's request for fees, under 42 U.S.C. § 406(b), in the amount of $23,754.75." (Document No. 29). Defendant's failure to take any position on the pending motion is not helpful.[1] The Court and the parties would likely be better served if experienced counsel such as those involved in this case conferred and jointly proposed a reasonable award of attorney's fees. In the alternative, the Court would be interested in Defendant's view of the "reasonableness" of the requested fees.

The undersigned observes, as has been previously noted in cases brought by Plaintiff's counsel, that counsel of record Pamela Marie Henry-Mays has done little, if any, work on this case other than signing and filing the Complaint and briefs. See (Document No. 28-5, p. 5); see also (Bruce v. Commissioner of Social Security, 5:20-CV-083-DCK, 2022 WL 3638185, at *2, n. 1, (W.D.N.C. Aug. 23, 2022) and Robinson, 2023 WL 5618253, at *2). Moreover, the contact information for Henry-Mays does not even seem to be her personal contact information. When

---

[1] Notably, Defendant also fails to correctly identify Plaintiff's counsel in this case. (Document No. 29, p. 1).

3

the Court reached out to the email provided by Henry-Mays, the response was from a "Legal Coordinator" rather than any attorney involved in this case, much less one of record.

It also does not appear that either counsel actually working on this case for Plaintiff has been admitted to practice in North Carolina or before this Court, nor has either provided their contact information. See (Document No. 28-4). Charles E. Binder has filed an "Affirmation" (Document No. 28-4) in support of the pending motion, but it does not explain what, if any, position Pamela Henry-Mays or Daniel S. Jones holds with the Binder Law Firm. See (Document No. 28-4, pp. 3-4).

In short, it is unclear who the Court (or the client's) contact is and who is ultimately responsible for seeing that the work is properly done and that the Local and Federal Rules are followed. Nevertheless, Plaintiff has executed a "Retainer and Assignment" that states that the Binder Law firm "is to receive up to twenty-five percent (25%) of any past due benefits . . . approved by the reviewing federal court." (Document No. 28-5, p. 2).

The undersigned will allow Plaintiff to recover a reasonable fee for the services of the Binder Law Firm; however, the undersigned is not persuaded that Plaintiff's requested fee in the amount of $23,754.75 is reasonable. See (Document No. 27, p. 3) ("The undersigned respectfully disagrees with Plaintiff's position that this case required the work of three (3) seasoned counsel for approximately 44 hours.").

> The district court's "discretion in respect to fee awards is extremely broad" and our review of such decisions is highly deferential. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). When reviewing an award of attorneys' fees, "the role of an appellate court is to review for errors of law or abuse of discretion." Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980). Therefore, we review the district court's interpretation of § 406(b) and subsequent adoption of the "reasonable time" standard for errors of law, and review the district court's application of the standard for abuse of discretion.

Pais v. Kijakazi, 52 F.4th 486, 489 (1st Cir. 2022).

"[I]f the amount of the claimant's past-due benefits is 'large in comparison to the amount of time counsel spent on the case' in federal court, then the court may give counsel a smaller cut of those benefits—even if the parties agreed the attorney should receive the full 25% allowed under § 406(b)." Stephanie H. v. O'Malley, 2024 WL 504004, at *4 (W.D. Va. Feb. 9, 2024) (quoting Gisbrecht, 535 U.S. at 808).

In addition to finding Plaintiff's representatives' hours to be excessive for the needs of this case, the Court also finds notable that Plaintiff's counsel waited eleven (11) months to file the instant motion, thus delaying the firm's payment, and more importantly, delaying Plaintiff Sharon Bruce's recovery of EAJA fees totaling almost seven (7) thousand dollars. Although "§ 406(b) does not contain a time limit for fee requests," courts have denied or modified fee requests based on timeliness. Pais, 52 F.4th 486, 490-494 (citations omitted).

The Court finds, in its discretion, that a reasonable fee *in this case* is reached by multiplying the reasonable hours (32.8) by an hourly rate that Plaintiff seems to agree is reasonable ($489.79). See (Document No. 27, p. 3; Document No. 28-2, p. 3). However, Plaintiff's counsel is respectfully advised that excessive billing practices, unnecessary delays, and/or failures related to counsel's filings and appearance before this Court may lead to greater reductions or denials of future motions for fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Notice Of Motion" (Document No. 28) is **GRANTED with modification**. The Commissioner of Social Security shall pay Plaintiff's counsel attorney's fees in the amount of **$16,065.11**; such fees shall be paid to the Law Offices of Charles E. Binder and Harry J. Binder, LLP.

**IT IS FURTHER ORDERED** that upon receipt of the foregoing fees, Plaintiff's counsel shall promptly refund directly to Plaintiff Sharon Bruce the Equal Access to Justice Act fee of **$6,919.48**.

**SO ORDERED**.

Signed: April 30, 2024

David C. Keesler
United States Magistrate Judge